# Shipe's Appeal.

1. The interest in the partnership assets of a deceased partner should not be included in his inventory by his administrator, as it is vested in the surviving partner for the purpose of settling the partnership business. If, however, the administrator has so included it in his inventory, he should be allowed credit for that amount in his account.

2. It is error to surcharge an administrator in a partial account with all the money collected by him for, *non constat*, that it is not necessary to retain the money in his hands for the final settlement of the estate.

3. If an administrator does not claim credit for commissions and counsel fees in his partial account he should not be allowed them upon the audit of this account. They must go over for final settlement.

April 26th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Appeal of Enos Shipe, administrator of David Shipe, deceased, from the decree of the Orphans' Court of *Northumber-*

*land county :* confirming the Auditor's report, making distribu‑
tion of the funds in the hands of the administrator, as shown by
his partial account of July Term, 1885, No. 59.

The following are the facts of the case as they appeared
before C. G. Voais, Esq., Auditor:

About the first day of January, 1876, David Shipe and Enos
Shipe formed a copartnership to buy and sell merchandise
under the firm name of E. Shipe & Co., and continued to do
business up to October 29, 1881, when the partnership was dis‑
solved by the death of David Shipe, who died intestate.   On
the 19th day of November, 1881, Enos Shipe took out letters
of administration on the estate of David Shipe, deceased.

On the first day of December, 1881, he caused an inventory
to be made of all the goods and chattels belonging to David
Shipe, deceased, and in the inventory the appraisers appraised
the interest of David Shipe, deceased, in the partnership store
at $500.

On the 28th day of January, 1882, the said Enos Shipe, sur‑
viving member of the firm of E. Shipe & Co., made an assign‑
ment for the benefit of the firm creditors, to Peter Miller.

On the 29th day of March, 1883, Enos Shipe filed his *first
and partial* account as administrator of David Shipe, deceased,
and took credit in his account for the $500 for the interest in
store, the whole of said store having been assigned over to Peter
Miller, assignee, who took possession and caused the same to
be sold and accounted for the proceeds in his final account as
assignee.   He also took credit for a judgment amounting to
$622.92, held by the decedent against E. Culp.

On the 15th of May, 1883, exceptions were filed to the
account of Enos Shipe, administrator of the estate of David
Shipe, deceased, and on the 14th day of July, 1883, C. G.
Voris, Esq. was appointed auditor to pass upon the excep‑
tions, re-state the account and make distribution.   He reported
against allowing the accountant credit for the $500—the
appraised interest of the decedent in the partnership, and also
against allowing credit for the Culp judgment.   Exceptions
were filed to this report.   Upon hearing, the Court, ROCKAFEL‑
LER P. J., referred the case back to the auditor.   The adminis‑
trator now presented claims for commissions and attorneys'
fees.   These the auditor reported against allowing.   He found
that the administrator had collected on the Culp judgment the
sum of $408.47, with which amount he reported the account
should be charged.   The administrator filed exceptions to this
report, which were dismissed by the Court, and the report con‑
firmed, whereupon the administrator took this appeal, assign‑
ing for error the action of the Court in dismissing his excep‑
tions, refusing to allow him credit for $500, the interest of the

decedent in the partnership, charging him with $408.47, the amount collected on the Culp judgment, the refusal to allow commissions as administrator, and also attorney's fees.

*M. L. Snyder and S. B. Boyer* for appellant.—1. It was error in the Court to appoint an auditor to pass upon exceptions to an administrator's account, and at the same time to make distribution. Yundt's Estate, 6 Barr, 35; Harding's Estate, 12 Harris, 189.

2. A partner has no individual interest in any of the firm property until after the firm debts are paid. The Court erred in not recognizing this: Durborrow's Appeal, 3 Norris, 404; Gregory's Appeal, 15 W. N. C., 525.

3. Partial accounts of administrators are final only as to what they contain. The accountant should not have been charged with the Culp judgment or any part of it: Shindell's Appeal, 7 P. F. S., 43.

*J. Nevin Hill,* (*C. R. Savidge,* with him,) for appellees.

Mr. Justice GORDON delivered the opinion of the Court, October 4th, 1886.

It was, perhaps, a mistake to appoint the appellant, Enos Shipe, surviving member of the firm of E. Shipe & Co., administrator of the estate of his deceased partner, David Shipe, for the double position which he thus occupies as representative of the estate, and also of the partnership, may lead to some serious complications. But as the matter now stands, we must treat the case precisely as we would were the persons, as well as the trusts, different. Death, as we know, dissolves a partnership, unless in the life of the decedent provision was made for its continuance. But when, for any reason, a dissolution occurs, the surviving or continuing partner becomes the agent of the defunct firm for the purpose of disposing of its assets, paying its debts, and settling it up, and for this purpose the title to such assets is vested in him, and with them the administrator is not permitted to meddle; Norton's Appeal, 1 Har., 67; Wallace *v.* Fitzimmons, 1 Dal., 248; and in McCarty *v.* Nixon, 2 Dal., 65, (note.) where an administrator had obtained possession of and collected firm notes, the surviving partner was allowed to recover judgment against him for the money so collected.

It is thus obvious that it was a mistake to introduce into the inventory of the assets of the estate the one half of the value of the goods of the firm of E. Shipe & Co., and it was also a mistake of the Orphans' Court not to relieve the administrator of that charge when requested so to do: McCourt's Ap., 11

[Shank and Wife *v.* Simpson.]

W. N. C., 161.   We also think the surcharge of $408.47, the amount of the Culp judgment, was improper.   The account was but partial, and that judgment was not brought into it by the accountant, hence, the Court could not legally pass upon what was not before it : Shindel's Ap., 7 P. F. S., 43.

Let it be that the administrator had collected part of it, or, for that matter, the whole of it, *non constat* that it was not necessary to retain the money in his hands for the final settlement of the estate, and when the time comes for such final settlement he may be charged with it and all other things omitted in the partial account, but not before.   The claims for commissions and counsel fees not having been made part of the account now before us, were properly rejected, and must go over for the final settlement, when, no doubt, they will be allowed.

> The decree of the Orphans' Court is now reversed as to the surcharge of $500, value of the partnership goods, and $408.47 proceeds of the Culp judgment, and it is ordered that the said Court proceed to re-state the account.   Ordered further, that the costs of this appeal be paid out of the funds of the estate.