EMILY L. L. PARKER v. S. W. BROADBENT ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued April 1, 1890—Decided April 21, 1890.

1. Where, on a bill for an account against partners, the defendants at first answer that the plaintiff's husband and not the plaintiff was their partner, but afterwards agree that if the husband will file a disclaimer of all interest, the cause shall proceed as though no such defence had been made, the defendants, after such disclaimer, cannot deny that the plaintiff was the true party in interest.

2. If, on the dissolution of a partnership and the withdrawal of a member therefrom, the others at once take exclusive possession of the firm

### Statement of Facts.

assets, and use the same in the continuance of the same business by themselves, they must account to the retiring partner as of the time of the latter's withdrawal, and on the basis of the value of the partnership assets at that time.

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 156 January Term 1890, Sup. Ct.; court below, No. 536 December Term 1887, C. P. No. 2.

On January 28, 1888, Emily L. L. Parker filed a bill in equity against Samuel W. Broadbent and Robert C. Broadbent averring:

That prior to November 14, 1884, the defendants were carrying on the business of photography at, 914 Chestnut street, Philadelphia, and on that date the plaintiff purchased from them a third interest in said business, paying therefor the sum of $6,000, with the arrangement that she should have the right to withdraw the same at any time; that in October, 1886, the firm removed to 1415 Chestnut street where the defendants were still located; that shortly after the removal an account of the business was stated by an expert accountant, showing the interest of the plaintiff to be worth $7,715.88; that prior to July 1, 1887, the plaintiff notified defendants of her desire to withdraw her one third interest from the firm, and requested them to wind up the business so as to permit her so to do; that thereupon the defendants caused a new statement to be prepared, showing the interest of the complainant on July 1, 1887, to be worth only $1,521.10; that since July 1, 1887, the defendants continued to carry on the business, have had full control and possession of the books, assets and business, and have refused to render an account or make settlement with complainant for her share.

The defendants filed an answer denying that any partnership existed between the complainant and defendants; averring that the plaintiff's husband, M. E. Parker, was their partner, and that he had entered his interest on the books of the firm in the name of his wife, to protect it from his creditors. The answer averred, further, that the difference in the two statements, noted in the plaintiff's bill, was largely owing to the depreciation in the value of the assets, caused by the removal of the business from 914 Chestnut street.

Master's Report.

Issue having been joined the cause was referred to *Mr. Joseph J. Broadhurst*, as master, who reported as follows:

The facts found from the proofs submitted by both complainant and defendants are as follows:

Prior to the fourteenth of November, 1884, the defendants advertised for a partner with capital to purchase an interest in their business of photography. Among others answering the advertisement, M. E. Parker called upon them, and after considerable negotiations he was selected; and, when the terms had been agreed upon, the settlement for the third interest was made with money furnished by Mrs. E. L. L. Parker, and receipts were given therefor by the defendants to her, the first one reading as follows: "Received, November 14, 1884, from E. L. L. Parker twenty-five hundred dollars on account of six thousand dollars which will be in full payment for one third interest in our business;" and was signed, "Broadbent Bros." All other receipts for the remaining payments were given in her name, M. E. Parker attending to the payments.

The books of the new firm were opened with Mrs. E. L. L. Parker's name thereon as one of the firm. The husband, M. E. Parker, went into the counting-room of the new firm and took charge of the accounts, kept the books and attended to the finances. No salary was paid him; he was consulted as a partner would be. Mrs. E. L. L. Parker was not seen by the Broadbents, when the purchase was made, nor was she at any time seen or consulted about the business. Payments, however, were made to her husband for her, by checks drawn to her order for money drawn out, and after the dissolution negotiations were carried on by the Broadbents, for some time, with her, for a settlement of the share that was coming to her or her husband. These facts show that, while the husband attended to the negotiations, the Broadbents recognized that the wife, Mrs. E. L. L. Parker, was the real party in interest, and that the husband was only the agent for his wife.

Since these proceedings have been pending, however, counsel for complainant and defendants have agreed that upon M. E. Parker filing a disclaimer of any interest in the said firm, or its assets, the proceedings for an account shall proceed, and whatever fund may be found due by the master shall be awarded to the complainant, with the same effect as if the de-

fendants had not made the claim in their answer, that M. E. Parker, and not his wife, was the person with whom defendants had formed and carried on the copartnership business. This disclaimer has been filed with the master and is attached to the report, marked exhibit 1, so whatever effect the pleadings may have had on the issue raised, the agreement of counsel and filing of the disclaimer withdraws from the master the duty of deciding the question of the right of Mrs. E. L. L. Parker to an account. It is therefore the duty of the master to proceed to determine the value of the respective interests of each party in the effects of the firm.

The defendants, after the dissolution on June 30, 1887, have carried on the business at the location of the firm prior to dissolution. No sale was made of the property; everything remained as it did prior to June 30, 1887, Mrs. Parker only withdrawing. The Messrs. Broadbent had control and possession of everything, and still have possession and control; therefore, whatever valuation is to be placed on the effects is to be taken as of June 30, 1887.

—The master thereupon stated an account, ascertaining the shares of the several partners in the net assets, that of the plaintiff being $5,136.84, and proceeded:

The defendants have had possession and control, and have had the use of Mrs. Parker's share since July 1, 1887; and would, therefore, according to the well-settled practice in equity, be accountable to her for profits or interest for that time, and to charge them with profits would necessitate an accounting to the present time. The complainants have not required this, but have asked the master to allow her interest. There is an abundance of authority for this allowance, without the master setting out the numerous cases in this and other states where this allowance has been made; and even some cases appear where a gross sum has been fixed as a share of profits, without taking an account: Brown's App., 89 Pa. 139. The complainant will therefore be entitled to interest on the sum of $5,136.84 from the 1st day of July, 1887, until the said amount shall be paid. . . . .

A decree in accordance with this report is hereto annexed.

—To the foregoing report, thirty exceptions were filed by the defendants. Said exceptions having been argued before the

court in banc, they were dismissed, without opinion filed, the master's report confirmed, and a decree entered as recommended by the master. Thereupon, the defendants took this appeal, filing twenty-nine assignments of error, one of which, the twenty-eighth, specified for error the dismissal of the several exceptions filed to the master's report.

*Mr. J. Willis Martin* (with him *Mr. Henry J. Hancock*), for the appellants.

As to the weight to be given to the master's findings of fact, counsel cited: Phillips's App., 68 Pa. 138; Cake's App., 110 Pa. 68; Hindman's App., 85 Pa. 470. As to the rights, powers, duties and liabilities of liquidating partners: Fulton v. Central Bank, 92 Pa. 112; Horton's App., 13 Pa. 67; Siegfried v. Ludwig, 102 Pa. 547. As to the awarding of interest: Brown's App., 89 Pa. 139; Gyger's App., 62 Pa. 73; Grubb's App., 66 Pa. 117; Rehill v. McTague, 114 Pa. 82.

*Mr. F. H. Garrett* (with him *Mr. C. Fallon*), for the appellee.

As to the duties and liabilities of liquidating partners, counsel cited: Story on Part., § 328; Brown's App., 89 Pa. 139; Hay's App., 91 Pa. 265.

OPINION, MR. JUSTICE STERRETT:

We are not satisfied that there is any error, either in the decree complained of, or in the proceedings leading up thereto.

The specifications of error are twenty-nine in number, and one of these embraces the thirty exceptions filed before the learned master. If these specifications were as formidable as they are numerous, it would be impossible to sustain the decree; but an examination of the record, including the account stated by the master, has convinced us that these fifty-nine subjects of complaint are not of sufficient merit, either singly or collectively, to warrant a reversal of the decree.

In several of the specifications, the subject of complaint is the finding that plaintiff, Mrs. Parker, was an equal partner with the two defendants, and that they should account to her, and not to her husband, for a one third interest in the late firm. A sufficient answer to that complaint, is the finding of the learned master that, pending the proceedings before him, coun-

sel for both parties agreed that upon Mr. Parker filing a disclaimer of any interest in the late firm or its assets, the proceedings for an account should go on, and whatever the master might find due should be awarded to the plaintiff, with the same effect as if defendants had not made the claim in their answer that Mr. Parker, and not his wife, was the person with whom they had formed the copartnership and carried on the business thereof. That disclaimer, dated July 31, 1889, was duly executed and filed. Its effect, of course, was to relieve the master from further inquiry as to plaintiff's membership in the firm, and authorized him to proceed with the statement of an account between the late partners.

Several of the specifications are predicated of the assumption that Samuel W. Broadbent, alone, was in possession of the assets of the late firm, and that he had been acting as liquidating partner since June 30, 1887, the date of the dissolution. That assumption is wholly unwarranted by the evidence. The master found that upon the withdrawal of Mrs. Parker and the dissolution of the firm, on the day last named, both of the defendants continued to carry on the business; retained, and have ever since retained, possession and control of the firm's property and assets, and dealt with the same as though it was their own. In that finding he is fully sustained by the weight of evidence. In view of the facts thus found, he rightly held that, as to the property, assets, etc., of the late firm, the defendants should account on the basis of the value thereof at the time they assumed said possession and exclusive control. This was clearly warranted by all the facts and circumstances of the case, as shown by the evidence.

Many of the specifications relate to the master's mode of stating the account, and the values of various items of the assets as found by him, etc. As to these subjects of complaint, the zealous and able argument of the learned counsel for defendants has failed to convince us that there is any such error as would warrant a reversal or even modification of the decree. The nature of the business in which the late firm was engaged, the character of its property and assets, the time that elapsed since the dissolution, etc., made it very difficult to arrive at strictly accurate and just valuations as of the date of dissolution. The master had the parties, the partnership books, the witnesses,

etc., all before him, and was thus in a much better position to reach a just and equitable result in the statement of an account than we are. Under circumstances, such as are disclosed by the evidence in this case, nothing short of manifest error should induce us to interfere with the conclusions reached by the master and the court below. No such error appears in this case.

Decree affirmed and appeal dismissed, with costs to be paid by appellants.