## Mary A. Beaumont, Administratrix of Theodore Beaumont, Deceased, Appellants, *v.* Rush Beaumont.

*Partnership receiver—Discretion of court.*

The appointment of a receiver of partnership assets rests in the sound discretion of the court; and in exercising such discretion, it proceeds cautiously and is governed by a view of the whole circumstances of the case. No positive or unvarying rule can be laid down as applicable to all cases. If there be no danger to the property and nothing to show the necessity or expediency of appointing a receiver, none should be appointed.

Where the evidence is conflicting as to whether the managing partner kept proper books of the firm's business and it appears that the partnership will expire in a few days by its own limitation, the Supreme Court will not reverse an order refusing to appoint a receiver.

Argued Feb. 14, 1895.   Appeal, No. 235, Jan. T., 1895, by plaintiffs, from decree of C. P. Chester Co., No. 288, in equity, refusing to appoint a receiver.   Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an account, dissolution of partnership, injunction and appointment of a receiver.

From the record it appeared that on March 28, 1894, plaintiffs and defendant entered into a partnership to continue for nine months, and that defendant was to be managing partner, and keep the firm books.   Plaintiffs claimed that defendant did not keep proper books of account.   The evidence on this subject was conflicting.   On December 24, 1894, the court entered a decree refusing to appoint a receiver.

*Error assigned* among others was (4) in refusing to appoint a receiver.

*Charles H. Pennypacker,* for appellants.—The discretion of the court in refusing to appoint a receiver was not properly exercised: Kerr on Receivers, pp. 4, 5 and 103; Schlecht's Ap., 60 Pa. 172.

When a dissolution is intended or has already taken place a court of equity will always appoint a receiver, provided there be some breach of duty of a partner or of the contract of partnership: Sloan v. Moore, 37 Pa. 217.

*T. S. Butler* of *Butler & Windle, Thomas W. Pierce* with him, for appellee.—The appointment of a receiver is a matter resting in the sound discretion of the court: Kerr on Receivers, pp. 4, 5 and 9; Bispham's Equity, sec. 577.

The refusal to appoint a receiver may be the subject of judicial error. But that is only where the complainant shows himself to be entitled to it from the facts on the record. In which case there is no discretion in the court to withhold it: R. R. v. Soutter, 2 Wallace, 521.

There can be no appeal in equity except from a final decree: Hope Hose Co.'s Ap., 2 W. N. B. 451; Holden's Admrs. v. McMakin, 1 Parson's Eq. Cases, 289.

PER CURIAM, March 11, 1895:

In their bill, appellants pray for: 1st, dissolution of the copartnership; 2d, decree for an account; 3d, injunction restraining defendant from receiving or collecting the partnership moneys, etc.; 4th, appointment of a receiver; and 5th, other relief. The only subject that appears to have been considered on the hearing which preceded the decree of December 24, 1894, appealed from, was the appointment of a receiver. While the phraseology of the decree would appear to indicate undue haste and improvident action on the part of the court, in refusing to make the appointment, an examination of the record does not warrant any such conclusion. We are not convinced that, in the circumstances, the action of the court was not entirely proper. Such appointments rest in the sound discretion of the court; and, in exercising such discretion, it proceeds cautiously and is governed by a view of the whole circumstances of the case. No positive or unvarying rule can be laid down as applicable to all cases. If there be no danger to the property and nothing to show the necessity or expediency of appointing a receiver, none should be appointed: Kerr on Receivers, pp. 4, 5, 9; Bispham's Eq., sec. 577.

In view of all the circumstances, as they appear to us from the record, we cannot say that the refusal of the court was not an exercise of sound discretion. One of the circumstances that was doubtless considered by the court was the fact that the copartnership in question would expire by its own limitation

on the 28th of December, 1894, only four days after the date of the decree.

Appeal dismissed with costs to be paid by appellants.