# Berlin Smokeless Coal & Clay Co. et al., Appellants, *v.* Rohm et al.

*Judgment — Lease of coal lands — Assumption of judgment — Fraud—Rescission of contract—Equity—Findings of fact.*

1. A bill in equity to have a judgment declared paid, is properly dismissed, where the evidence shows: that defendants had leased certain coal lands from plaintiffs, at the same time agreeing to protect the land against a judgment which was a lien thereon; that defendants had paid the judgment and taken an assignment thereof; that shortly afterwards defendants discovered that plaintiffs had made false representations as to the land and coal covered by the lease, whereupon they promptly rescinded the contract; and that the amount paid by the defendants on the judgment had never been returned to them.

2. The findings of fact of a chancellor will not be reversed on appeal, in the absence of manifest error.

*Equity—Equity practice—Amendment—Delay in application— Discretion of court—Withdrawing bill.*

3. The allowance of amendments rests in the reasonable discretion of the court, and, in absence of plain error, its action will not be reversed.

4. The refusal to permit a bill in equity to be amended is amply justified after finding of facts and law had been made, and a decree nisi entered; and particularly is this so if circumstances appear which showed a failure to exercise due diligence in making the application.

5. One of the plaintiffs in an equity suit will not be permitted to withdraw his bill, after rulings adverse to his contention have been entered.

Argued September 29, 1921. Appeal, No. 181, Oct. T., 1921, by plaintiff, from decree of C. P. Somerset Co., No. 7, Equity, 1920, dismissing bill in equity, in case of Berlin Smokeless Coal & Clay Mining Co. et al. v. Bertha Rohm, Executrix of M. J. Rohm, deceased, and James C. Long. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

1922.]     Statement of Facts—Opinion of the Court.

Bill in equity to declare judgment paid.     Before
BERKEY, P. J.
  The opinion of the Supreme Court states the facts.
  Bill dismissed.   Plaintiffs appealed.

*Error assigned,* among others, was decree, quoting it.

*A. H. Bell,* of *Bell & Bell, L. C. Colborn, F. A. Mil-
lott* and *Kooser & Kooser,* for appellant, cited, as to
rescission: Miller v. Gilleland, 19 Pa. 119.
  As to amendment: Bauschard v. Fidelity & Casualty
Co., 21 Pa. Superior Ct. 370; Austin Mfg. Co. v. Duerr,
19 Pa. Superior Ct. 560; Robbins v. Robinson, 176 Pa.
341; Wilhelm's App., 79 Pa. 134; Clark v. Gas Co., 184
Pa. 188; Cassell v. Cooke, 8 S. & R. 296; Coxe v. Tilgh-
man, 1 Whart. 282; Yohe v. Robertson, 2 Whart. 155.

*Chas. H. Ealy,* of *Uhl & Ealy,* with him *Sterling, Hig-
bee & Matthews,* for appellee, cited: Hooffstitler v. Hos-
tetter, 172 Pa. 575; Brotzman's App., 119 Pa. 645;
Howard v. Boro., 181 Pa. 191.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:
  Hillegass was the owner of certain coal rights which
he conveyed to the Berlin Smokeless Coal & Clay Min-
ing Company, of which he was president.   This corpora-
tion became indebted to Valentine Hay, who, in 1916,
entered a judgment, confessed by the company, for
$7,000,   payable in installments,  the first of which
amounted to $2,235.   As collateral security, Hillegass
and one Miller executed a note for a like amount, which
was likewise made a matter of record.   In 1917 an execu-
tion was issued upon the portion of the lien then due.
Later, in September, a lease of the property was made to
M. J. Rohm and James C. Long, who agreed to protect
the property against the Hay judgment.   The amount
necessary was to be advanced by the lessees and repaid
from royalties of not less than $500 a year.   Rohm paid

the portion then due, taking an assignment thereof, and of a like part of the collateral lien.

At the time of the making of the contract, it was represented that a siding was located upon the property, which was available for the shipping of coal, but investigation showed it to be built upon the land of another, and impossible of use by the lessees. Further inquiry elicited the fact that the statements as to the character and amount of coal were false. The contract was immediately repudiated, but the sum advanced by Rohm was not returned.

Later, the executrix of Rohm issued an execution on the part of the Hay judgment which had been assigned to her decedent. Defendants then took a rule to open the judgment, insisting that, under the agreement of lease, the payment of the claim had been assumed by Rohm, and that it should be equitably treated as satisfied. This was dismissed without prejudice, and a bill in equity was filed having the same purpose in view. After the hearing of testimony, the learned court below refused the relief prayed for on the ground that the agreement of lease was void and unenforceable, and that therefore the provisions for payment of the outstanding lien was of no effect.

The chancellor found that the false representations were the inducing cause to the making of the contract, and that there was a prompt repudiation when the truth was discovered. If this is so, then the conclusion that the agreement was unenforceable is correct, and the bill here filed was properly dismissed (Braunschweiger v. Waits, 179 Pa. 47; Browning v. Rodman, 268 Pa. 575; Delafant v. Shapiro, 73 Pa. Superior Ct. 186); and, under the well settled rules, the findings of fact are binding upon us unless manifest error appears: Cruzan v. Cruzan, 243 Pa. 165; McConville v. Ingham, 268 Pa. 507. An examination of the record shows ample justification for the conclusions reached.

One question raised by the assignments of error requires consideration. The decree nisi was entered March 4, 1921, and, on April 25th following, counsel for the plaintiffs filed a paper asking for leave to amend their bill. On May 6th, without leave of court, an amended bill was filed. This was stricken off on June 22d, and on July 9th, a final decree was entered. The new pleading averred facts which must have been fully known to the plaintiffs at earlier stages in the proceedings. Evidence in support of the matters set forth could in the main have been offered in contradiction of the defense interposed to the original bill, and additional legal findings on the proof so offered could have been requested. The record shows testimony on both sides covering in part the new allegations.

The allowance of amendments rests in the reasonable discretion of the court, and, in the absence of plain error, its action will not be reversed. In the present case it was amply justified in refusing, after findings of fact and law had been made and the decree nisi entered, to permit the amendment asked for: Muehlhof v. Boltz, 215 Pa. 124; Hoofstitler v. Hostetter, 172 Pa. 575. Particularly is this so in view of the circumstances, which showed a failure to exercise due diligence in making the application: Howard v. Borough of Olyphant, 181 Pa. 191.

The refusal to permit one of the appellants to withdraw his bill on June 20th was likewise proper: Beaver v. Slane, 271 Pa. 317. A discussion of the specific assignments of error would be useless, and all are overruled.

The decree of the court below is affirmed at the costs of appellants.