# Froess, Administratrix, *v.* Froess.

*Partnership—Dissolution—Death—Liquidation—Distribution— Amendment of bill—Laches—Act of March 26, 1915, P. L. 18— Trustee—Words and phrases—"Ordinary creditor"—Costs.*

1. A partnership is dissolved by the death of one of the parties.

2. After the death of a partner, it becomes the duty of the survivor to settle the partnership affairs, and all authority on his part ceases, except such as is necessary for the winding up of the business, or completing transactions then begun, but not yet finished.

3. It is the duty of the liquidating partner to account as trustee for assets which come into his hands, and the court may direct that this be done.

4. An agreement to continue the firm after the death of a partner may be made by the parties interested, and thus new liabilities be assumed; but, to so bind, the purpose to authorize a further carrying on must clearly appear.

5. The interest of a deceased partner is fixed by the valuation as of the time of his death, and all members of the firm are entitled to a part of the surplus of assets over the amount necessary to pay creditors of the firm.

6. The amount found due has preference to claims of any individual creditors of the survivor in the distribution of the partner-

ship assets, and is to be distributed in the manner designated by the Uniform Partnership Act of March 26, 1915, P. L. 18.

7. The determination of the right of the deceased partner, where there has been no agreement to continue the business or dispose of the estate's interest for a fixed sum, may be controlled by an election of the personal representative of the decedent to take a share of the assets and profits which have been gained by the use of the property prior to the actual settlement.

8. Or, in lieu of the profits, interest may be demanded on the value of the property, estimated as of the date of the dissolution.

9. When the administratrix of a deceased partner elects to take interest at legal rates on the value of shares of the deceased partner, she has a right, under the partnership act, to have the value of the interest ascertained as of the date of the death, and receive as an ordinary creditor an amount equal to the value of the decedent's share in the dissolved partnership with interest.

10. If a decree entered in favor of the administratrix of a deceased partner is not clear, it will be modified by the appellate court so as to make evident that assets of the partnership are subject to the payment of her claim, in so far as possible.

11. If the modification of the decree has been made necessary by reason of certain requests made by the administratrix in the court below, the costs of her appeal from the decree will be imposed upon her.

12. Where an administratrix of a deceased partner files a bill for a receiver and accounting against the survivor who had continued the business without consent, it is too late, two months after the filing of conclusions of fact and law by the court below and a decree nisi entered, for plaintiff to ask to amend her bill, so as to set forth the legal claim that the value of the assets must be determined by the sale price at the time of the actual liquidation and not based on the audit from the books as of the date of dissolution.

Argued October 1, 1925. Appeals, Nos. 62 and 78, Jan. T., 1926, by plaintiff and defendant, from decree of C. P. Erie Co., Sept. T., 1921, No. 9, in suit of Sarah L. Froess, administratrix of estate of Philip J. Froess, deceased, v. Jacob Froess. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. No. 62 affirmed, No. 78 modified.

Bill for receiver and accounting. Before HIRT, J.
The opinion of the Supreme Court states the facts.

Decree for receiver and accounting ordered; and final decree entered allowing plaintiff's claim as an ordinary creditor for the sum of $45,988.85, with interest from January 27, 1920, costs to be divided equally. Both plaintiff and defendant appealed.

*Error assigned* was, inter alia, in both appeals, final decree, quoting bill of exception, and refusal of amendment in plaintiff's appeal, quoting order and exception.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* with him *C. Arthur Blass,* for defendant.—It was error to permit the administratrix of a deceased partner to elect, under the circumstances disclosed by the record, to take her share as of the date of the deceased partner's death, and in fixing the valuation of that share solely upon the basis of an audit of the partnership books: Shipe's App., 114 Pa. 205; Holden v. McMakin, 1 Parsons 270.

The surviving partner should be charged with what the property was fairly worth at the time of the dissolution: Parker v. Broadbent, 134 Pa. 322; Hay's App., 91 Pa. 265.

*Charles A. Mertens,* for plaintiff.—Except so far as may be necessary to wind up partnership affairs, or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership.

If the survivors of a partnership carry on the concern and enter into new transactions with the partnership funds, they do so at their peril, and the representatives of a deceased partner may elect to call on them for the capital with a share of the profits or with interest. If no profits were made, or even a loss is incurred, they must be charged with interest on the funds they use, and they must bear the whole loss: Brown's App., 89 Pa. 139.

OPINION BY MR. JUSTICE SADLER, November 23, 1925:

Philip J. and Jacob Froess were equal partners, engaged in the sale of pianos and other musical instruments, and had been so jointly interested for many years. The first named died on January 29, 1920, and the copartner continued the business as survivor for some time thereafter. Letters of administration upon the estate of the decedent were granted to the widow, and negotiations looking to the payment of her husband's share of the assets, based on a valuation of the partnership property, made immediately after his death, followed, but no satisfactory arrangement as to payment could be agreed on. No consent to the continuance of the firm business was given, but the same was managed by Jacob, who took exclusive possession of the assets. The firm's affairs were not settled within a reasonable time, and a bill was filed on August 3, 1921, asking for the appointment of a receiver, an accounting by the liquidating partner, and for a decree that the share found due be paid to plaintiff. After answer and hearing, a decree was entered on October 26, 1921, granting the relief prayed for. In the following May, a statement was rendered, to which some 2,500 exceptions were filed. During the pendency of the hearing, made necessary by the objections taken, notice was given of the purpose of the administratrix to demand her husband's share of the assets, with interest on the value thereof from the time of dissolution, rather than a share of any profits, and, subsequently, a formal election to so claim was filed in writing. This rendered unnecessary a further consideration of the exceptions to the various items of the account as stated, and left undetermined only the value of the property as of the date of Philip's death.

The bill for an accounting averred the amount to be $103,820.17, of which one-half belonged to each partner, and this was admitted to be correct by the answer of defendant, but, on November 9, 1923, an amendment to the latter was allowed, averring the net assets to be $90,-

577.71. The evidence showed an audit of the accounts by Hickey, dated one day after the death, which furnished the figures set forth in the bill, and the modifications and reductions claimed were testified to by Brown, the accountant for defendant. The second calculation was adopted by the court, there being added two items admittedly left out by error, and the total was fixed at $91,977.71, each partner being entitled to one-half thereof, or $45,988.85. This finding of fact by the court is assigned for error, as is the final decree based thereon. An examination of the record convinces us that the conclusion reached was fully as favorable as defendant could ask, and gave to him the benefit of practically all claims in dispute. At this point, it may be observed that two months after the filing of conclusions of fact and law by the court, and the entry of the decree nisi, a further leave to amend the answer was asked, so as to set forth the legal claim that the value of the assets must be determined by the sale price at the time of actual liquidation, and not based on the audit or computation from the books as of the date of dissolution, which would result in a deduction from the amount found payable. The request was properly refused as too late: Berlin S. Co. v. Rohm, 272 Pa. 24. It may also be noted that it proposed to consider a calculation upon an improper basis: Hay's App., 91 Pa. 265. From the final decree entered both parties have appealed, and the contentions in both cases may best be considered in one opinion.

Admittedly, the partnership was dissolved by the death of the copartner. That this result followed appears by the Uniform Partnership Act (March 26, 1915, P. L. 18, section 31), and it was equally true before that legislation became effective: Shipe's App., 114 Pa. 205; Mamaux's Est., 274 Pa. 533; Underdown v. Underdown, 279 Pa. 482. After the death, it became the duty of the survivor to settle the partnership affairs, and all authority on his part ceased, except such as was necessary for the winding up of the business, or completing trans-

actions then begun, but not yet finished (Partnership Act, section 33). Of course, an agreement to continue the firm may be made by the parties interested, and thus new liabilities be assumed: 20 R. C. L. 991; Mamaux's Est., supra; Partnership Act, section 41. But to so bind, the purpose to authorize a further carrying on must clearly appear (20 R. C. L. 993), and it does not in this case, as found by the court. It is the duty of the liquidating partner to account as trustee for assets which come into his hands (20 R. C. L. 1003; Leary v. Kelley, 277 Pa. 217; Hay's App., supra), and, on cause shown, as here, the court may direct that this be done: Partnership Act, section 37; Underdown v. Underdown, 270 Pa. 229.

The interest of the decedent is fixed by a valuation as of the time of the dissolution (Hay's App., supra), and all members of the firm are entitled to a part of the surplus of assets over the amount necessary to pay the creditors of the firm: Partnership Act, sections 38, 40, also sections 18, 25; Parker v. Broadbent, 134 Pa. 322. "The plain duty of the surviving partner is to collect the assets of the partnership, receive and receipt for payments, pay and settle partnership debts, settle and wind up the partnership business and distribute the net surplus among the parties entitled to it": Herron v. Wampler, 194 Pa. 277, 286. The amount found due has preference to any individual creditors of the survivor (Note, 6 A. L. R. 160), and is to be distributed in the manner designated by the Partnership Act (section 40).

The determination of the right of the deceased partner where there has been no agreement to continue the business or dispose of the estate's interest for a fixed sum,—facts found by the court in the present case,—may be controlled by an election of the personal representative of the decedent to take a share of the assets and profits which have been gained by the use of the property prior to actual settlement: Mamaux's Est., supra; Maloney's Est., 233 Pa. 614; Eisenlohr's Est. (No. 1), 258

Pa. 431. Or, in lieu of the latter, interest may be demanded on the value of the property, estimated as of the date of dissolution. "The legal rule is fixed on this subject. If the survivors of a partnership carry on the concern, and enter into new transactions with the partnership funds, they do so at their peril, and the representatives of the deceased may elect to call on them for the capital, with a share of the profits, or with interest. If no profits are made, or even if a loss is incurred, they must be charged with interest on the funds they use, and the whole loss will be theirs": Brown's App., 89 Pa. 139, 147. "The representatives of the dead partner have not only been allowed to elect between interest and the profits, but an inquiry has been directed to ascertain which would be most advantageous": Beatty v. Wray, 19 Pa. 516, 519.

Following the recognized rule, the right to so choose was expressly provided in the Uniform Partnership Act (section 42), and it is by reason of the wording of that legislation that the confusion has arisen, leading to the second appeal now presented by the plaintiff below, and by which complaint is made of the final decree entered. As previously noticed, the administratrix asked, in her bill filed, for an accounting of the partnership assets, and her written election evidenced her desire "to take interest at legal rates on the value of the interest of the estate of Philip J. Froess, deceased, in the assets of the late copartnership." The statute referred to provides, in part (section 42), that "when any partner retires or dies, and the business is continued......without any settlement of accounts as between him or his estate and the person *or partnership* continuing the business, unless otherwise agreed, he or his legal representative as against such persons *or partnership* may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest."

It is contended that this limits the claim of the estate to a personal judgment against the survivor for the amount fixed, and releases the remaining surplus of assets of the firm from liability to satisfy in whole or in part the indebtedness found to be due. To so hold would be contrary to the rules fixed by the authorities controlling, prior to the passage of the act. It may be noted that the English Partnership Act (53, 54 Victoria, ch. 39, sections 39, 43 and 44), which largely influenced the drafting of the statute here in force, more clearly expresses the principle to be applied. The construction contended for by appellee would make inapplicable, in many cases, the method of distribution of partnership assets fixed by the legislation now in force (March 26, 1915, section 40, P. L. 18). As was said in the case of In re Safady Bros., 226 Fed. R. 538, 540, discussing the uniform statute: "If, on applying the act to the varying rules found in different states, obscurity in language should appear, as will undoubtedly be the case, the meaning of doubtful parts should, if possible, be gathered from its general purpose. The general purpose of the act must be gathered from its language; when this is found, and is plain and unmistakable, particular words may be ignored, if out of harmony with the general purpose, unless they were used by way of proviso or exception, or indicate a positive intent inconsistent with the general spirit." As we read the paragraph in question, the use of the term "ordinary creditor," means creditor of the partnership or of the survivor, who is also personally liable for partnership debts, and gives to the representatives of the decedent the right to share in the surplus of firm assets. Any other construction might render such judgment worthless, where the liquidating party had contracted other individual indebtedness, and thus the estate of the deceased partner be deprived of its share of property to which it was entitled.

We hesitate to order the decree in this case to be modi-

fied, so as to make clear the right of the plaintiff to share in the fund raised by her proceeding for an accounting, in view of the eighth request for finding of law presented, repeating as it does only the last part of the applicable sentence found in section 42, and which seems to limit her demand to the rights of an ordinary creditor of the defendant. This conclusion was affirmed by the learned court below, and the words used were included subsequently in the adjudication with no exception taken thereto. Ordinarily, this would be conclusive, under Rule 69, and the complaint now made would not be considered on appeal: Himrod v. McFayden, 283 Pa. 103. However, as the words used are those of the act, and its language, when the whole paragraph is considered, is capable of two interpretations, it is but proper that the scope of the finding be made clear. The decree should therefore be modified, so as to make evident that assets of the partnership are subject to payment of the claim, in so far as possible. The costs of the appeal in No. 78 should be paid by appellant, since it was due to her requests in the court below that the order, now directed to be modified, was entered in the form which appears.

The decree in No. 62, January Term, 1926, is affirmed at the cost of appellant, and that in No. 78, January Term, is directed to be modified to conform to this opinion, costs to be paid by appellant.