# Froess, Admrx., v. Froess.

*Partnership—Dissolution by death—Duty of surviving partner —Commingling funds—Widow—Act of April 13, 1917, P. L. 79— Election of widow.*

1. Where a partnership is dissolved by the death of one of the partners, it is the duty of the surviving partner to collect the assets and settle the partnership affairs, and his powers are limited to such acts as are necessary to complete pending transactions.

2. Persons dealing with the surviving partner, with notice of the facts, are bound to know and recognize the limitation on his authority, and act at their peril when they, with notice of the conditions, give credit to the survivor in new transactions.

3. Under the Act of April 13, 1917, P. L. 79, the widow of the deceased partner has a right to elect to take the share of her husband at the time of his death, with interest thereon.

4. Such right of the widow cannot be defeated by the wrongful act of the surviving partner, in commingling partnership assets with funds received for subsequent transactions.

5. If the surviving partner commingles the partnership property with funds of his own, so that the former cannot be traced, the entire fund used in the business becomes liable for any loss which occurs.

Argued February 2, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeals, Nos. 126 and 127, Jan. T., 1927, by Æolian Company and Becker Brothers, claimants, from order of C. P. Erie Co., Sept. T., 1921, No. 9, dismissing exceptions to adjudication of receiver's account, in case of Sarah L. Froess, Administratrix of Philip J. Froess, deceased, v. Jacob Froess. Affirmed.

Bill for appointment of receiver.

Exceptions to adjudication of receiver's account. Before HIRT, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Æolian Company and Becker Brothers, claimants, appealed.

*Error assigned* was in both appeals, inter alia, decree, quoting record.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—The following authorities are submitted as bearing upon the questions at issue: Bidwell v. Pittsburgh, 85 Pa. 412; McGinty v. Flanagan, 106 U. S. 661; Hoyt v. Sprague, 103 U. S. 613; Second Nat. Bank of Titusville's App., 83 Pa. 203; Ebbert's App., 70 Pa. 79; Hay's App., 91 Pa. 265.

*Charles A. Mertens,* for appellee, cited: Farmers' & M. Nat. Bank v. King, 57 Pa. 202; National Bank v. Ins. Co., 104 U. S. 54; Eifert v. Lytle, 172 Pa. 356; Holmes's App., 79 Pa. 279; Jacobs v. Union Assn., 1 Pa. Superior Ct. 156; Robinson v. Ry., 66 Pa. 160; Youse v. McCarthy, 51 Pa. Superior Ct. 306; Hansell v. Downing, 17 Pa. Superior Ct. 239.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

These two appeals raise practically the same questions and will be disposed of in one opinion.

Jacob Froess and Philip J. Froess were for twenty years engaged as partners in the piano business in the City of Erie, under the firm name of Froess Brothers. Philip died January 29, 1920, and letters of administration on his estate were duly issued to his widow, Sarah L. Froess. Jacob took possession of the firm assets on the death of his brother and continued the business under the partnership name, mingling the funds and assets of the former partnership with those of the new business. In August, 1921, the court appointed a receiver for the partnership assets and in the accounting which followed, the widow, who had elected to take her share as of the date of her husband's death with interest thereon in lieu of profits, was held entitled to receive the sum of $45,988.85 with interest.

On appeal this decree was affirmed, though modified so as to make clear that the lien of the widow's claim was not limited as a personal judgment against the survivor, but that partnership assets were subject to the payment of the claim: Froess v. Froess, 284 Pa. 369, 377.

Following that decision, in a proceeding for the distribution of funds in the hands of the receiver, it was claimed there was in fact an agreement between the administratrix of the deceased partner and the surviving partner whereby the former agreed to sell to the latter her interest in the partnership property, at a price agreed upon, and that she permitted the survivor to continue the business, pending the completion of such negotiations, thereby waiving all right to ask an accounting as of the date of the death of her husband, and further that she was not entitled to preference over creditors whose claims arose out of transactions with the surviving partner. These contentions raised a question of fact concerning what actually took place between administratrix and the surviving partner.

Testimony was offered by the administratrix which tended to show the surviving partner had been notified not to enter into new transactions which would in any way involve the estate of the deceased partner. It was admitted negotiations had been pending since the death of the partner, for the purchase of decedent's interest by the survivor, but it was claimed no agreement as to price or terms of sale had been reached, though a price was finally agreed upon which involved the transfer of a number of piano leases to the widow, which the surviving partner was unable to produce, and demand was then made on him to liquidate the business. The evidence is sufficient to support the findings of the auditing judge that the business was continued with the knowledge of the administratrix, but without her consent, and that the parties at no time in fact reached an agreement as to terms, and consequently the sale was not consummated. There is also evidence to sustain the

finding that the property of the former partner was, in the course of trade, mingled with the assets of the new business in such way as to practically render impossible a separation of the two.

In view of the above findings, the principles of law stated at the time this case was before us in 284 Pa. 369 are applicable here. It was the duty of the surviving partner to collect the assets and settle the partnership affairs and his powers were limited to such acts as were necessary to complete pending transactions and wind up the business: Section 33, Uniform Partnership Act of March 26, 1915, P. L. 18; Leary v. Kelley, 277 Pa. 217; Froess v. Froess, supra. Persons dealing with the survivor with notice of the facts were bound to know and recognize the limitation on his authority, and acted at their peril when they, with notice of conditions, gave credit to the survivor in new transactions. (See section 35 of Partnership Act, amended by the Act of April 13, 1917, P. L. 79). Under the express provision of section 42 of the Partnership Act it was the right of the widow of the deceased partner to elect to accept profits derived from the continuance of the business without authority, or to demand the value of the share of her deceased husband at the time of his death, with interest thereon. The value of such share was entitled to be paid out of partnership assets, and such right could not be defeated by the wrongful act of the surviving partner, in commingling partnership assets with funds received from subsequent transactions; a rule of this character would place in the power of the survivor opportunity to defeat the claim of the deceased partner's representative if he saw fit to do so. The liquidating partner occupies the position of trustee of the firm assets and his duty required him to account as such (Froess v. Froess, 284 Pa. 369, 374), and in commingling the partnership property with funds of his own, so that the former cannot be traced, the entire fund used in the business becomes

liable for any loss which occurs: Eisenlohr's Est. (No. 1), 258 Pa. 431, 435.

The decree of the court below is affirmed at appellants' costs.