## DiPaola's Estate

*Lewis M. D'Auria,* for petitioner.

*Anthony Cavalcante* and *Linn V. Phillips,* for administrator.

MATTHEWS, J., January 14, 1944.—The only question here raised is one of procedure. Louis DiPaola, late of Connellsville, died August 19, 1943, intestate, and letters of administration on his estate were granted by the Register of Wills of Fayette County to George Marino on the following day. An inventory and appraisement of the personal estate was made on September 29, 1943, and filed in the register's office on the same day. The assets, as appraised, may be summarized as consisting of cash in two banks of $6,086.67, household goods at $150, an automobile at $1,000, diamonds at $450, and stocks and bonds at $16,062.38, or a total of $23,749.05.

On December 6, 1943, Mrs. Gertrude Glass filed in the register's office exceptions to this inventory and appraisement in which she avers that all this property was erroneously included among the assets of the estate, and that decedent, in expectation of impending death, "did transfer, deliver and bequeath" the same to her. On December 22, 1943, the administrator presented his petition to this court averring, inter alia, that said exceptions were filed without any authority in law, that the title or ownership of the property cannot be tried or determined by such procedure and praying that a citation be awarded directed to the said Mrs. Gertrude Glass to show cause why said exceptions should not be stricken from the record. A citation was directed to issue returnable January 10, 1944, but counsel for exceptant waived the issuing thereof and accepted service. No answer was filed to the citation, but on the return day the matter was argued by coun-

sel for both parties without any objection on that ground.

Where personal property is in the possession of an administrator but is claimed by another person, the proper procedure to try the question of ownership is under section 17 of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §§2331-2340, which is as follows:

"The manner of proceeding in the orphans' court to obtain the appearance of a person amenable to its jurisdiction, and the procedure in default of appearance, shall be as follows:—

"(a) On petition to the court of any person interested, whether such interest be immediate or remote, setting forth facts necessary to give the court jurisdiction, the specific cause of complaint, and the relief desired, and supported by oath or affirmation, the orphans' court, or any judge thereof, may award a citation returnable at a day certain, not less than ten days after the issuing thereof."

The petition should be captioned in the name of the estate of decedent and have a heading briefly indicating its purpose. Of course, the petition should set forth in consecutively numbered paragraphs the name and place of residence of petitioner, the date of death of decedent, and the granting of letters of administration on his estate, and a concise statement of facts relied upon to justify the relief desired, as provided by rule 4 of section 3 of the Supreme Court. Naturally, the prayer of the petition should be that a citation be awarded directed to the administrator to show cause why possession of the personal property described in the petition should not be delivered to her. It will be noted that rule 5 of section 3 of the Supreme Court requires a copy of the petition to be served with the citation unless service thereof is made by publication. Within 10 days after service, an answer must be filed. It may be that the answer will set up new matter and

require a replication. This procedure parallels equity practice. These pleadings will clearly define the issues. The matter may then be set down for hearing.

It appears from the exceptions that not all the property claimed by exceptant is included in the inventory and appraisement. But the foregoing procedure is efficacious whether or not any of it is so included. The right of a claimant to personal property in the possession of an administrator does not depend upon the fact whether or not the administrator has the property appraised. If the administrator has filed no inventory and appraisement, claimant would have no standing to compel him to do so. The fact that an inventory and appraisement has been filed and that exceptant claims the property therein contained would seem to set at rest the jurisdiction of this court to try the question of ownership of such property: Cutler's Estate, 225 Pa. 167; Paxson's Estate, 225 Pa. 204. But this court may try the question of ownership of other property also, if it was in decedent's possession at the time of his death. Therefore, if in the suggested petition all the facts are set forth with reference to the claim of the interest of decedent in a certain partnership, it may well be that this court will have jurisdiction to try the question of ownership of such interest. We cannot adjudicate that question here.

It is true that in Detwiller's Estate, 15 Northamp. 244, cited by counsel for exceptant, the court appears to have tried the question of ownership on exceptions to the inventory and appraisement, although the law does not specifically provide for such exceptions. But the question of procedure was not raised. The report of this case does not disclose the manner in which the exceptions were transmitted from the register's office to the orphans' court. In Antolik's Estate, 19 Erie 279, exceptions were filed to the inventory and appraisement because a former inventory and appraisement had been made by different appraisers. The first one

78

was not filed because it displeased the administratrix and widow. The court held that when she had once appointed disinterested appraisers who were qualified and performed their duties in a fair and impartial manner she had exhausted her right of appointment. The court struck off the inventory and appraisement as filed and directed the administratrix to file the one first made. No question of title was adjudicated. In Leathery's Estate, 38 York 93, the exceptions were to the appraisement of real estate elected to be taken by the widow as a part of her inheritance. In Gilkinson's Estate, 3 Erie 276, Morgan's Estate, 11 Erie 228, and Barbey's Estate, 41 D. & C. 109, the matters came before the court on petition.

At the argument, counsel for exceptant referred to Elliott's Estate, 312 Pa. 493, in which there was an appeal from the decree of this court at no. 13, June term, 1932. An examination of the record in that case discloses that the question of title was raised by exceptions to the account of the administrators and not to the inventory and appraisement. But the claimant of personal property in the hands of an administrator should not be required to wait until it suits the administrator to file an account. The procedure hereinbefore outlined affords a speedy remedy.

Counsel for exceptant indicates a desire to determine in one proceeding the ownership of all the property. Certainly the ownership of the interest in the partnership cannot be determined by exceptions to the inventory and appraisement, for the simple reason that it is not included therein. One of the exceptions avers that the appraisers erroneously failed to include this interest, but the same vested in the surviving partner for liquidation and should not be included: Shipe's Appeal, 114 Pa. 205. If the contention of exceptant ultimately prevails, then it would seem that decedent left no estate and that no inventory and appraisement whatever

should have been filed. These things make it clear that the proceeding should be by petition, citation, and answer.

### Decree

And now, January 14, 1944, upon and after consideration, it is ordered and decreed that the exceptions to the inventory and appraisement be stricken from the record without prejudice to the right of exceptant to proceed as indicated in the foregoing opinion.