## HELLMAN v. UNITED STATES.
### No. E–199.

Court of Claims.
Oct. 20, 1930.

J. S. Y. Ivins, of Washington, D. C. (Holmes, Brewster & Ivins, of Washington, D. C., on the brief), for plaintiff.

McClure Kelley, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (C. M. Charest and Eldon O. Hanson, both of Washington, D. C., on the brief), for the United States.

BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

A new trial was allowed in this case. The partnership, Smith & Kaufmann, made a return for 1919 on which plaintiff's distributive share of the partnership profits for that year was shown as $121,701.25. Plaintiff had withdrawn from the partnership in November, 1919, and had nothing to do with the preparation of this return. Upon receipt of information that the return showed his 1919 distributive share as stated, he objected to it, but the return as prepared was filed, and the Commissioner of Internal Revenue held that in addition to certain other income, consisting of his salary of $7,500 and 6 per cent. interest upon his capital in the partnership, included by plaintiff in his original individual income-tax return, the amount of $121,701.25 represented his distributive share of the net earnings of the partnership for 1919 and increased his income accordingly. Plaintiff insists that he was not taxable in 1919 upon the $121,701.25, and as a result of the action of the commissioner plaintiff brings this suit to recover $44,194.79.

Plaintiff contends, first, that the two documents, Exhibits C and B, referred to in the findings and executed by all of the partners on July 26, 1918, upon the retirement of John Roberts, constituted in legal effect only one partnership agreement and fixed his interest in the partnership profits at 1/10 of 1 per cent. of the net earnings until the date of death of Wackerhagen on August 20, 1919, and thereafter until he withdrew he was taxable upon 20 per cent. of the net earnings under said partnership agreement; that even if these two instruments be regarded as separate contracts, the result is the

same, for the transfer by plaintiff to each of the other partners of $^{199}\!/_{800}$ of the 20 per cent. interest in the net earnings to which he would otherwise have been entitled in consideration of the assumption by each of the other partners of such proportionate amount of any losses that might result was an agreement between all the partners fixing their distributive share; secondly, that on November 18, 1919, he withdrew and retired from the partnership and agreed with the other partners, as evidenced by Exhibit D referred to in the findings, to sell and transfer all of his interest in and claims against the partnership to a corporation to be organized by certain of the other partners in exchange for the issuance by such corporation to him of $450,000, par value of its first preferred stock; that this agreement was not a sale completed in 1919 giving rise to a taxable gain, because the corporation to which he agreed to sell was not organized and the stock was not authorized or issued therein until January 2, 1920; that the action of the other partners in showing the amount of $121,701.25 on the partnership return for 1919 as his distributive share of the partnership earnings for 1919 was wrong; that the figure of $121,701.25 was purely an arbitrary one representing merely the difference between $450,000, at which he agreed to sell, and $328,298.75, his tangible capital and his share of the reserve of the partnership; that, in no event, could his distributive share of the partnership net earnings have exceeded 20 per cent. of the net earnings of $531,141.26, or $106,228.25; thirdly, that the action of the other partners in showing his distributive share of the partnership profits for 1919 at $121,701.25 and the action of the commissioner in including that amount in his income resulted in shifting the burden of the other partners for their lawful taxes to him.

Defendant contends, first, that plaintiff was bound by the partnership return showing his distributive share as $121,701.25; and, secondly, assuming that the amount did not represent his share of the partnership earnings, it was nevertheless taxable to him as a gain realized in 1919 upon the sale by him in that year of his interest in the partnership.

█ The two instruments executed by plaintiff and the other members of the partnership on July 26, 1918, forming a new partnership arrangement upon the retirement of John Roberts, constituted in our opinion but one agreement between the new partners fixing their distributive shares. Under them, plaintiff's distributive share was $\frac{1}{10}$ of 1 per cent. of the net earnings until December 31, 1921, the date fixed for termination of the partnership unless before that time it should be terminated for any reason, in which event it was provided that plaintiff's distributive share should become the full 20 per cent. of the net earnings. Partners may adjust between themselves their distributive share in such proportion and in such manner as they may desire. Cf. Leo Schwartz, 7 B. T. A. 223. The facts show that when the new partnership arrangement was formed in July, 1918, the plaintiff was contemplating retiring and desired only a small interest sufficient to produce a nominal return in addition to his salary and the interest which he was receiving upon his capital. It was understood by all that his distributive share was to be only $\frac{1}{10}$ of 1 per cent. of the net earnings and it was plaintiff's desire that the partnership agreement provide for this. The partnership agreements were prepared by the attorneys for the partners and they deemed it best to embody the understanding of the partners with respect to their distributive shares in the two instruments in question. They were prepared at the same time and were executed simultaneously by all of the partners.

█ The defendant, relying upon Ormsby McKnight Mitchel, 1 B. T. A. 143, Mitchel v. Bowers (C. C. A.) 15 F.(2d) 287, and Bing v. Bowers (D. C.) 22 F.(2d) 450, contends that the fixing of plaintiff's distributive share at $\frac{1}{10}$ of 1 per cent. of the net earnings of the partnership was merely an assignment by him of $^{199}\!/_{800}$ of his interest in the partnership profits to each of the other partners and did not relieve him of the tax upon full 20 per cent. of the net earnings. These cases are not in point. They did not involve instruments constituting a part of a partnership agreement. The transactions there considered were entirely independent of the agreement between the partners, and the person to whom the assigment was made was not a partner and was not made one thereby. Partners may adjust between themselves their interest in the net earnings of the partnership in any proportion that they may agree upon, and, when so fixed, they are taxable accordingly. Certainly is this true when the interests are fixed at the formation of the partnership. The plaintiff did not assign a portion of his income to another. Under the agreements he was never entitled to receive

$^{796}/_{800}$ of 20 per cent. of the net earnings, which the partnership agreement gave to the other partners. Under no circumstances could he ever withdraw any portion of it, or interest upon it, nor could it ever be credited to his capital account. The fact that it might have been credited to him on the books and simultaneously credited to the other partners did not make it income to him in view of the provisions of the partnership agreements. Bookkeeping entries do not constitute income unless there is the right of ownership in the amount disclosed by such entries. Plaintiff's distributive share of the partnership profits upon which he was taxable from January 1, to August 20, 1919, the date of the death of Wackerhagen, was, therefore, $^{1}/_{10}$ of 1 per cent. The partnership books were closed on June 30 and December 31 of each year. Upon the death of Wackerhagen the books were not closed to determine the income of the partnership to that date. The revenue agent who audited the books and the returns of the individual partners therefore accordingly determined plaintiff's distributive share of the partnership earnings to that date as $337.60, being $^{1}/_{10}$ of 1 per cent. of $337,601.76, the latter amount being $^{232}/_{365}$ (January 1 to August 20) of $531,141.26, the net earnings of the partnership for the entire year 1919. This action of the revenue agent was correct. Peter W. Rouss, 4 B. T. A. 516; Rouss v. Bowers (C. C. A.) 30 F.(2d) 628.

Upon the death of Wackerhagen on August 20, 1919, plaintiff became entitled under the partnership agreement to the full 20 per cent. of the partnership profits from that time forward. On November 18, 1919, due to the strained relations between the parties, and after much discussion and bargaining by the plaintiff, he agreed to retire from the business forthwith and for the remainder of the year 1919 to receive only his fixed salary of $7,500 and 6 per cent. upon his capital account.

The other partners agreed to form a corporation and to take over the entire business and all of the assets of the partnership, both tangible and intangible, and it was further agreed that the corporation when organized would issue $450,000 of par value of the first preferred stock to plaintiff in payment for all of his interest in the partnership and all claims that he might have against the same. The agreement of November 18 was accordingly executed. Under that agreement plaintiff was not, therefore, a member of the partnership and had no right to share in any of its earnings from the date of the agreement until the end of the year 1919. All that the other partners agreed to pay him and all that he was entitled to receive from the partnership was his salary of $7,500 and 6 per cent. interest on his capital account, exclusive of the reserve of which plaintiff's share was $73,000. As a matter of law, therefore, plaintiff was not taxable upon any portion of the net earnings of the partnership from November 18 to December 31, 1919. However, after the revenue agent's first investigation, the plaintiff, desiring to have the matter ended, filed an amended return and voluntarily paid the tax upon 20 per cent. of the earnings, $193,539.50 (i. e., $531,141.26 minus $337,601.76, the proportion up to August 20), from August 20, 1919, to December 31, 1919, determined as hereinabove set forth. The amount of tax so paid upon income thus determined was $4,138.77 in excess of what he should have been required to pay, but no claim for refund was made in respect of that amount and no claim is now made by plaintiff with regard thereto. The total income from the partnership upon which plaintiff voluntarily paid the tax, and which he claims was the amount upon which the commissioner should have taxed him, was $61,845.53 made up of his salary of $7,500, interest on capital of $15,300, his share of partnership profits of $39,045.53. The revenue agent first determined this amount as being the correct income of plaintiff, and the commissioner upon audit mailed notices to the partners proposing to assess the tax to plaintiff and additional taxes against the other members of the partnership upon that basis. The other partners objected and on appeal the commissioner finally decided that plaintiff's distributive share of the partnership profits for 1919 was $121,701.25, as shown on the partnership return, and he taxed the plaintiff and the other partners upon that basis. This amount, in addition to the items of salary and interest, was included in plaintiff's income for 1919 resulting in an additional tax of $54,633.66. In this the commissioner erred. The distributive share of the partnership earnings and the total amount of income therefrom upon which plaintiff was taxable in no event exceeded $39,045.53 upon which he has paid the tax without protest. Cf. Maurice L. Goldman et al., 15 B. T. A. 1341. Even on the commissioner's theory that plaintiff was taxable upon 20 per cent. of the net earnings of the partnership for the entire year 1920, his distributive share of the net earnings of $531,141.26 could not exceed $106,228.65.

The next question is whether plaintiff made a completed sale of his interest in 1919 and derived a taxable gain of $121,701.25 thereon. In our opinion there was no completed sale in 1919 and no taxable gain was derived by plaintiff in that year. At most, plaintiff only agreed in 1919 to sell his interest in the tangible and intangible assets of the partnership to a corporation thereafter to be organized. He sold nothing to the partners. They did not obligate themselves to pay him any amount for his interest, but only to have the corporation, if and when it should be organized, issue him stock. The corporation was not completely organized until 1920 and plaintiff received nothing which could constitute income until January 2, 1920.

The defendant contends that if the commissioner was wrong in taxing the amount of $121,701.25 to the plaintiff as his distributive share of the partnership earnings, there was a completed sale by him of his partnership interest in 1919 which gave rise to a gain derived in that year; that the partnership had no intangible assets of any value, and since plaintiff employed the accrual method of accounting, he was taxable upon the profit of $121,701.25 representing the difference between his interests in the tangible book capital and $450,000 at which he sold.

It is not clear whether plaintiff employed the accrual or cash receipts and disbursements method of accounting, but we deem it unnecessary to decide this point. It is clear from the provisions of the agreement of November 18, 1919, and the facts, that a completed sale was not made in 1919. The articles of incorporation were filed with the Secretary of State on December 31, 1919, but this did not complete the sale. The parties to the agreement of November 18, 1919, were not authorized to act and did not act for the corporation to be formed, and even after the corporation came into existence it was not bound by the agreement until it took action thereon. Morse v. Tillotson & Wolcott Co. (C. C. A.) 253 F. 340, 1 A. L. R. 1485; Younker Bros., Inc., 8 B. T. A. 333. The corporation acted on January 2, 1920, at which time it authorized and issued to plaintiff $450,000 par value of preferred stock. If a gain was derived by plaintiff, it accrued and was received by him on that date. The year 1920 is not before us.

Plaintiff is entitled to recover. Judgment for $44,194.79 will be entered in his favor with interest. It is so ordered.