**POMEROY et al. v. HELVERING, Commissioner of Internal Revenue.**

**No. 5865.**

Court of Appeals of the District of Columbia.

Argued Nov. 8, 1933.

Decided Dec. 4, 1933.

Rehearing Denied Dec. 26, 1933.

Morgan H. Beach, R. M. Heth, and Samuel F. Beach, all of Washington, D. C., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, DeWitt M. Evans, and John H. McEvers, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Petition for review of a decision of the Board of Tax Appeals (24 B.T.A. 488).

For many years Josiah Dives and George S. Pomeroy, as partners, under the name of Dives, Pomeroy & Stewart, owned and operated department stores in the cities of Reading, Harrisburg, Pottsville, and the borough of Pottstown, Pa. Profits were divided equally, one-half to each, although Dives' interest ($522,046.94) was in excess of that of Pomeroy ($444,552.99). On March 30, 1903, the partners executed an agreement under seal, "the primary object of which" was "to give to the survivor a controlling interest in the business" in the event either should die or become incapacitated during the continuance of the partnership then existing.

Josiah Dives died September 21, 1922, leaving a will by which, after various specific bequests, he left one-third of his estate to his wife for life and two-thirds in equal shares to his sons, Edward J. and Arthur M. Dives, together with a reversionary interest in the one-third bequeathed to their mother for life.

Clause 8 of the will recognized that the partnership business would "be subject to settlement and adjustment under the terms of the partnership agreement existing between my partner and myself," yet, to enable the executors to take all necessary action, they were empowered to sell, transfer, and convey all his property.

From the day of Dives' death until June 30, 1923, Pomeroy carried on the partnership business, the net income of which was as follows:

September 20 to December 31, 1922................ $361,447.54

January 1 to June 30, 1923.... 191,223.93

Total .................. 552,671.47

On April 23, 1923, the two sons of Dives, as executors of his will, entered into a contract with Pomeroy providing for a complete division of the partnership property, the date of settlement being June 30, 1923. (On that date all of the assets of the partnership, with certain exceptions immaterial here, were taken over by a corporation.) With respect to the profits derived from the operation of the business subsequent to the death of Dives, paragraph 8 of the contract provided for the payment to the executors of an amount of money "to be ascertained by taking six per cent of $3,750,000.00[1] from the date of the death of Josiah Dives on September 21, 1922, to the date of settlement (June 30, 1923), less the sum of $40,000.00 which the executors agree to pay the survivor (Pomeroy) as compensation as liquidating trustee and as salary for conducting the partnership business from September 21, 1922 to the date of settlement, which said amount shall be paid to the executors in full settlement of any claim they may have for profits accrued on the partnership business from the date of the death of the said Josiah Dives."

---

[1] Apparently $3,750,000 had been agreed upon as the value of the interest of Dives in the partnership property and business at the date of his death.

On March 15, 1923, Pomeroy filed a partnership return covering the period September 20, 1922, to December 31, 1922, and on September 15, 1923, filed a return covering the period January 1, 1923, to June 30, 1923. In these returns he divided the income of the business equally between the Dives estate and himself.

The Commissioner in his determination charged Pomeroy with the entire net profit of the business, adding thereto $40,000 stipulated for his services, and allowed him a deduction of $176,250, the amount of the interest of the deceased partner's share which actually was paid to the heirs. It thus appears that, while Pomeroy in fact received the difference between the net profits accruing during the period in question and $176,-250 paid the Dives executors, he claims that he should have been assessed on only one-half of such net profits.

It is argued that on the death of Dives there was a continuance of the original partnership on the same terms, or at least that, after the death of Dives, the business was conducted as a joint venture. On the other hand, the government contends that, upon the death of Dives, Pomeroy became a liquidating trustee, accountable to the heirs of Dives for the corpus of the property, plus either the profits attributable to the use of the deceased partner's share of the partnership property or interest upon the value thereof, whichever the heirs should elect to take; that, when election was made and Pomeroy became accountable only to the extent of the interest, the difference between the amount of such interest and the profits attributable to the use of the property constituted income to Pomeroy.

The agreement of 1903 made no provision for the continuation of the partnership in the event of the death or the incapacity of one of the partners. Therefore, upon the death of Dives, it became the duty of Pomeroy as surviving partner to take possession of the partnership estate pending final settlement. Froess, Adm'x, v. Froess, 284 Pa. 369, 131 A. 276. He thereby assumed the position of trustee of the firm's assets, accountable to the heirs of Dives. Leary v. Kelley, 277 Pa. 217, 219, 120 A. 817. There is no doubt that Pomeroy, as trustee, was accountable to the Dives heirs for the use of Dives' portion of the partnership property and business. Under the statutes of Pennsylvania the heirs were entitled, in addition to Dives' interest in the partnership property, to take either interest on the value of the deceased partner's share in the partnership on the date of his death, or, at their option, in lieu of such interest, the profits attributable to the use of one-half of the property of the dissolved partnership. Underdown, Ex'rs, v. Underdown, 279 Pa. 482, 486, 124 A. 159; Froess, Adm'x v. Froess, 284 Pa. 369, 374, 131 A. 276. The heirs elected, as was their right, to take 6 per cent. of the value of the share of Dives in the partnership property.

While the agreement (of April, 1923) was made later than at the close of the first accounting period, it was made before the close of the second period, "when," as stated in petitioners' reply brief, "it could not be known whether there would be profits or not." This may have been the reason why the heirs were willing to accept 6 per cent. interest instead of sharing prospective profits. At all events, the good faith of the parties in entering into the contract is not impugned in any way. As it turned out, Pomeroy (who died September 13, 1925) made a good bargain. His estate should pay taxes on what he actually received.

The decision is affirmed.

Affirmed.