## H. W. WAHLERT, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22262. Promulgated October 10, 1951.

*Fred L. Kuhlmann, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

## OPINION.

DISNEY, *Judge:* We are presented here with a question as to whether the Commissioner erred in denying to the petitioner deduction of his percentage of a loss by his partnership upon sale of assets. The deficiency notice so denying the deduction by way of explanation merely states, in substance, that the petitioner had reported $31,143.87 as his 36 per cent of partnership income of $86,510.74, but that due to the disallowance of loss of $36,889.37, claimed on the sale of the property by the partnership, the petitioner's distributive share was $44,424.04 and his income was therefore increased $13,280.17, with the statement "It is held that no part of the unsubstantiated loss claimed in the above partnership return alleged to have arisen from the sale * * * is deductible in computing your net income for the year 1944." The respondent has two contentions, first, that the basis of the partnership assets sold was not substantiated and therefore no deductible loss is recognizable to the petitioner and, second, that the petitioner owned more than 50 per cent of the capital stock of Dubuque Packing Company, the purchaser from the partnership, so that no loss is allowable to the petitioner under the provisions of section 24 (b) of the Internal Revenue Code.

Obviously, if the basis of the partnership assets was not substantiated, that is, not proven in this case, petitioner has not established a loss whether deductible or not, and we do not reach the second question. The petitioner's counsel frankly acknowledged at trial that he could not prove the basis of the assets sold, and stated that an impossible burden was put upon petitioner to prove the basis "when it has to be traced back, if it is to be traced at all, to the origin of the building and beyond that to the date of acquisition by C. F. Limbeck, who is now dead." He had earlier stated that: "The property which was sold by the partnership in this case * * * was contributed to the partnership in 1942 by C. F. Limbeck * * * in exchange for the partnership interest which he acquired at that time." In respondent's opening statement reference is made to the conveyance by C. F. Limbeck and M. D. Limbeck of real estate and plant as contributed capital, and to the fact that the partnership "conveyed said assets to Dubuque Packing Company."

The real and personal property conveyed by the partnership in 1944 to Dubuque Packing Company is particularly described, in the deed, with the numbers of lots and blocks set forth, and such property is the identical property described in the articles of partnership formed in 1942 where such property is recited as contributed by

C. F. Limbeck and M. D. Limbeck as constituting their respective capital contributions of $20,000 and $18,000, respectively, those being the values agreed upon in the articles of partnership. Petitioner's opening statement recites: "The property was carried on the books of the partnership at all times on the same basis on which it was originally entered upon its books." It thus appears that although it is stipulated that the adjusted basis for the assets sold and conveyed by the partnership to Dubuque Packing Company was $64,889.37, "as shown on the partnership's books," that figure has its inception to a large extent in the real estate and personal property contributed by C. F. Limbeck and M. D. Limbeck and passing to Dubuque Packing Company, as to which no basic value appears, but only the value agreed upon by the partners for purposes of capital contribution. On trial petitioner's counsel stated: "We have no way of proving what C. F. Limbeck's original basis for this property was. At this late date, it is completely beyond us." (We note here that only C. F. Limbeck and not M. D. Limbeck was shown to be dead.)

Under such circumstances it is apparent, we think, that any prima facie showing of value created by the stipulation as to the amount appearing on the partnership books, *Frank C. Rand*, 40 B. T. A. 233 (239), is overcome by the fact that such book value in considerable part rests only upon agreement for purposes of capital contribution. The petitioner does not suggest that the recitation of book value casts any burden upon the respondent but, on the contrary, as above seen, admits inability to prove the value. Petitioner seeks, however, to avoid this failure of proof by the contention that: "The basis of assets is a factor in the computation of the tax, and under partnership tax accounting, an adjustment of basis can only be made upon an audit of the partnership return"; under which he argues, in substance, that the partnership in its return used $64,889.37 as basis for the partnership property sold, that this figure was accepted in the revenue agent's report on the partnership for the taxable year, and that the "respondent cannot increase petitioner's distributive share of partnership income on the ground that the partnership's basis has not been substantiated unless, in his audit of the partnership return, he determined a new basis for the assets and readjusted each partner's distributive share accordingly." The petitioner cites no case which we find to have any relation to the point. It is obvious that unless the respondent as a matter of law or estoppel is precluded from questioning the partnership basis in the assets sold, petitioner can not prevail. Petitioner's counsel stated at trial when, on this point, he was asked by the Court whether he was in effect raising estoppel, that he did not think it was an estoppel argument and that he had not pleaded estoppel. The pleadings disclose no such plea. It can not be said that the petitioner

was taken unawares by the respondent's urging that no basis in the assets sold had been shown. The deficiency notice states that it is held that no part of the "unsubstantiated loss" claimed in the partnership return is deductible by the petitioner, so that by the determination of deficiency petitioner was duly put upon notice that the loss was considered unsubstantiated. Moreover, the amended petition alleges in paragraphs 5 (j) and 5 (k), in substance, that the partnership's basis for the assets was $64,889.37, which allegations were in the respondent's answer denied. Again, at trial, the respondent's counsel in his opening statement set forth, as his first contention, that the basis of the partnership assets sold had not been substantiated so that there was no deductible loss. Thus, it is clear that there is no element of surprise, in the urging by the respondent of the lack of basis. The petitioner was clearly apprised that he must prove basis, and just as clearly agreed that he could not do so. We note in this connection that two parties named Limbeck contributed property, instead of cash, to the capital of the partnership (which is the gist of the idea of no substantiation of basis of the assets) and that the death of only C. F. Limbeck is suggested. Estoppel was not pleaded and in any event there appears no basis of estoppel, in the facts before us. The only question, therefore, that remains is whether as a matter of law, as the petitioner urges, the respondent can not question the basis of the assets because it was reported in the partnership return and referred to in the report of the internal revenue agent who examined the partnership return, and the figure as to basis used in the return was used by him in determining the amount of the loss, a percentage of which the petitioner claims is deductible. We note that in *Hellman* v. *United States*, 44 F. 2d 83, there was contention by the defendant, collector of internal revenue, that the plaintiff, the taxpayer, was bound by the partnership return showing his distributive share. The court held that he was not so bound. In *Lillie C. Pomeroy et al., Executors*, 24 B. T. A. 488, affd. 68 F. 2d 411, an individual case, growing out of a partnership, the petitioner argued that statements made in a revenue agent's report relative to the termination of the partnership were controlling. It was held that such conclusions by the revenue agent were not binding upon the respondent. He had in his reports treated the business as a partnership and stated that it terminated upon the operation of a certain agreement. Though it is not closely applicable here, our statement in *Estate of Herbert B. Hatch*, 14 T. C. 251, involving a sale by partners and capital gain, that the total of the basis of the partnership assets to the partnership does not necessarily equal the total of the bases to the partners of their interests, does indicate, in our opinion, error in the petitioner's view here that the respondent is necessarily bound by a view as to the basis of the

partnership assets.   We can conceive of a case where revenue agents in examining a partnership return come to conclusions as to basis of assets, which conclusion it is later decided was erroneous, so that in determining a deficiency against one of the partners growing out of the partnership's sale of such assets the Commissioner in view of the error made by the revenue agents determines that there is no such basis, or, as in this case, that loss therefrom is "unsubstantiated"; and we see no reason why in the absence of estoppel the Commissioner is precluded from so determining and, as in this case, denying, in his answer, allegations as to the amount of partnership basis.   In such a situation if, as here, the partnership basis is not proven there seems no reason in law why the petitioner should prevail.   The issue here has been squarely made and nothing but some reason, in law, why the respondent can not question the partnership basis can avail the petitioner.   No such reason or case supporting it is suggested to us here. The determination of deficiency, the denial of basis in the answer, and the respondent's opening statement all put petitioner on his proof. He agrees that he can not prove his basis, and did not do so.   It has been often held that inability to make proof avails nothing.   In *Burnet* v. *Houston*, 283 U. S. 223, a case, as here, of alleged loss, the Court said:

* * *  The impossibility of proving a material fact upon which the right to relief depends simply leaves the claimant upon whom the burden rests with an unenforceable claim, a misfortune to be borne by him, as it must be borne in other cases, as the result of a failure of proof.  * * *

We, therefore, conclude that the petitioner has failed to show error on the part of the respondent, not having substantiated his loss by proving the basis of the partnership.

In view of this conclusion it would be superfluous for us to examine the further question presented by the parties involving section 24 (b) (1) of the Internal Revenue Code.

*Decision will be entered for the respondent.*