OPINION. Opper, Judge: When the petitioner sold his stock in Johnson & Higgins as he was required to do by his underlying contract, measurement of the purchase price according to the size of the dividends to be declared for a specific future period seems to us to have been merely fortuitous. Petitioner parted with his stock in all respects as completely as though he had sold it on any other terms; what he was receiving was the purchase price and not dividends on stock, and the transaction would have been no different if the purchase price had been a specified amount in lieu of being indefinite. If the vendor of a life estate is entitled to capital gains treatment, we think it inescapable that petitioner should be accorded no less favorable treatment. See Bell's Estate v. Commissioner, (C. A. 8) 137 F. 2d 454; McAllister v. Commissioner, (C. A. 2) 157 F. 2d 235. Certainly the mere characterization of these payments as “dividends” does not make them such. See Nordberg Mfg. Co. v. Kuhl, (C. A. 7) 166 F. 2d 331, 334. And no taxable event occurred in 1946 when petitioner surrendered his shares and received the promise of his employer to pay the sales price since the indefinite character of the future payments precluded attributing to the certificates any fair market value. Burnet v. Logan, 283 U. S. 404. Respondent does not seriously contend that this was not a sale or exchange of petitioner’s stock, nor that the stock had not been a capital asset. Where the purchase price is indefinite it is necessary to permit recovery of basis before charging a taxpayer with capital gain since otherwise the possibility will continue to exist that no gain may in fact be realized. Burnet v. Logan, supra. In one respect, however, the petitioner overstated his basis. The 1,000 shares, on which payment would not be commenced until 1953, should not have been included in decedent’s recoverable cost. No part of the payments received by him during the years in controversy was allocable to those shares. The consequence is that petitioner’s capital gain for the year 1948 was understated by $1,000, the amount charged as recovery of basis of the 1,000 shares. We find it unnecessary to consider petitioner’s alternative contention that these were essentially dividends in partial liquidation under section 115 (c). The result would be the same. We think petitioner’s treatment of the transaction was correct in all respects, except as to the 1,000 shares and that the deficiency must be correspondingly disapproved. Decisions will be entered under Rule 60.