**Merton T. STRAIGHT, Merton T. Straight and Elizabeth Straight, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15165.**

United States Court of Appeals Eighth Circuit.

April 26, 1955.

Richard E. Williams, Des Moines, Iowa, for petitioners.

L. W. Post, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., were with him on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Ciruit Judge.

This petition for review involves income taxes for the years 1947 and 1948 and seeks reversal of the decisions and orders of the Tax Court reported together with the findings of fact at 21 T.C. 1008.

It appears that on September 17, 1943, one H. R. Straight and taxpayer Merton T. Straight as general partners, and a number of other persons as limited partners, executed a "Limited Partnership Indenture", by the terms of which the parties mutually convenanted to become partners in the business of erecting and operating a soybean processing plant under the name of Iowa Soya Company. The relevant terms for division of profits were that each limited partner should receive one and one-half percent of all net profits for each $5000 contributed by him and that "when a limited partner shall have received in distribution of profits from the partnership an amount equal to his original investment and an additional 400% thereof, such limited partner's interest shall terminate". The taxpayer sold his general partnership interest in 1946, but on March 25, 1947, he became a limited partner having an investment of $10,000.

On July 19, 1947, an Amendment to the Limited Partnership Indenture of September 17, 1943, was entered into which it was agreed should constitute the terms of the limited partnership previously formed and be substituted therefor after October 1, 1946. The provisions concerning the share of profits which the limited partners were to receive remained unchanged except as it was provided that the limited partners were to receive "a larger percentage" of the partnership profits than the prescribed 1½ percent "at the option of the general partners".

In the tax years here involved (1947 and 1948), the general partners exercised said option and the limited partners were credited on the partnership books with more than the 1½ percent of the partnership's profits for each $5000 of investment.

The Commissioner determined that all amounts credited to taxpayer's account on the books of Iowa Soya Company in the years involved were taxable to him as ordinary income, under sections 22(a) and 182(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 22(a), 182(c). In these proceedings, the taxpayer sought determination that the amounts so credited to him were long-term capital gains under section 117. The Tax Court decided that the amounts credited on its books to petitioner by Iowa Soya Company represented his distributive share of the ordinary net income of the partnership and that the amounts were taxable to him as ordinary income. The Court ordered and decided deficiencies accordingly.

On this review the taxpayer has repeated the arguments he presented to the Tax Court to support his claim that "the Amendment to Limited Partnership Agreement" executed on July 19, 1947, constituted a contract of purchase and sale by which the general partners contracted to purchase the interests held by the limited partners in the predecessor Iowa Soya Company, with the result that the amounts credited to petitioner's account were received as the purchase price of a capital asset and should be treated as long-term capital gain, rather than as ordinary income. It has also been argued for petitioner here, as in the Tax Court, that the amounts credited to the limited partners in excess of their 1½ percent was constructive income to the general partners which they (general partners) paid to the limited partners for capital assets and which should have been taxed as income of the general partners.

Our consideration of the proceedings in the Tax Court has convinced that the Court's findings disclose the material facts and are supported by the evidence. We also conclude, as did the Tax Court, that there was no substantial change in the relationship of the members of the limited partnership, Iowa Soya Company, by reason of the amendment made on July 19, 1947, to its Limited Partnership Indenture of 1943. After the amendment, as before, the taxpayer and those similarly situated with him remained limited partners of Iowa Soya Company, entitled to receive gains through partnership operations and profits, and entitled only to receive 1½ percent of such profits in any event or a larger percentage at the option of the general partners. We find

no error in the conclusion of the Tax Court that the amendment of July 19, 1947, did not constitute a sale or contract of sale which is the indispensable element of a taxable gain to the taxpayer. Osenbach v. Commissioner, 4 Cir., 198 F.2d 235; Commissioner of Internal Revenue v. Linde, 9 Cir., 213 F.2d 1, certiorari denied 348 U.S. 871, 75 S.Ct. 107, McCartney v. Commissioner, 12 T.C. 320.

Petitioner has cited the following cases as tending to support his contention that a sale was present in this case: Estate of Marshall, 20 T.C. 979; Vermont Transit Co., Inc., v. Commissioner, 19 T.C. 1040; Pacific Finance Corp. v. Commissioner, 12 (CCH) T.C.M. 419, Docket No. 31020, decided April 17, 1953; Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143; but we think the cases present different factual situations and do not support the contention that there was a sale in this case.

Neither do we find error in the Tax Court's conclusion that the amounts distributed to the limited partners in excess of 1½ percent of the partnership profits did not constitute income of the general partners taxable to them. As pointed out by the Tax Court, "Whatever control the general partners exercised over the distribution of profits flowed from the mutual agreement of all partners." The distribution they made "was in accordance with the partnership agreement."

Of course it may happen that profit distribution agreements might be made among partners which would wrongfully deprive the government of its taxes, but nothing in this record suggests such a situation. The taxpayer and his former general partner appear to have entered into the Limited Partnership Indenture in regular course of business, agreeing in good faith to share the partnership profits with limited partners on the basis of the percentage of profits to each $5000 investment. The increase of the percentage was agreed upon in the same good faith. The general rule of law is that partners may take the profits of their partnership in any manner and in such proportions as they may agree upon, and the revenue laws hold each partner accountable accordingly. Schwerin v. Commissioner, 78 U.S.App. D.C. 275, 139 F.2d 843; Hellman v. United States, 44 F.2d 83, 70 Ct.Cl. 498.

We agree with the Tax Court that "The fact that some discretion was lodged in the general partners in respect to the amount to be distributed to the limited partners did not translate any part of the profits so distributed into income of the general partners."

As we find no error in the decisions and orders of the Tax Court, they are affirmed.