## Nicholson's Estate

*Therman P. Britt* and *William T. Connor*, for petitioner.

*Samuel H. High, Sr.,* of *High, Dettra & Swartz,* for executors.

HOLLAND, P. J., June 19, 1941.—On May 23, 1941, Ethel Ogden Nicholson Harrison, the widow of decedent, filed her petition in which she sets out that she has taken against the will of decedent and that amongst the assets of the estate was a 53.3 percent interest in the partnership of A. R. Nicholson & Son, which was sold May 19, 1941, to the sole surviving partner under

the terms of an agreement which is set out in the petition. The said agreement fixing the price at which the surviving partner is to buy the interest of decedent is by three appraisers appointed as designated in the agreement, and the price was fixed by three appraisers so chosen and the sale consummated.

The prayer of the petition is: (1) That the court order the accountants and executors, Alphonso Robert Nicholson, Jr., and Samuel H. High, Sr., to permit an accountant to be selected by petitioner to examine the books of account of the partnership of A. R. Nicholson & Son between April 10, 1930, and the present time; and (2) to order the executors to furnish petitioner with the names and addresses of the appraisers who appraised the value of the interest of decedent in the said partnership.

As we stated at the argument on the petition and answer, we know of no law authorizing the orphans' court to decree that a person interested in an estate have permission to examine the accounts of any accountant, either in person or by representative, in advance of the said accountant's audit, much less order the submission to an examination of the books of a partnership in which the decedent's estate has no longer an interest. The law provides that every fiduciary at the proper time file an account which is subject to the examination of every interested party, and that is the only examination they are entitled to. Furthermore, the court has no authority to require the accountants to give the names of the appraisers as requested, or any other information in advance of the audit of an executor's account, or any other information, except in some proceeding in court, in which the information requested is relevant, and then from the witness stand.

Petitioner cites Mulholland's Estate, 25 Dist. R. 1041 (1916), Shipe's Appeal, 114 Pa. 205 (1886), and Kreinson v. Commercial National Bank et al., 323 Pa. 332 (1936), all of which decide only, as far as this case

is concerned, that the orphans' court has no jurisdiction of a partnership account, the same being under the jurisdiction of equity. Murdock et al. v. Murdock et al., 300 Pa. 280 (1930), and Froess, Admx., v. Froess, 284 Pa. 369 (1925), were cited, but they have no application to this case, as in neither was there any agreement of sale or agreement as to valuation or price. Leary v. Kelley, 277 Pa. 217 (1923), was cited, but has no application whatever, as in that case the partnership agreement was even denied, and therefore contained no terms of sale to the surviving partner. Eisenlohr's Estate (No. 1), 258 Pa. 431 (1917), was cited, but has no application to this case.

In said Eisenlohr's Estate, there was a partnership agreement, but it provided that at the death of one of the partners his interest should determine and his share be "ascertained", but no designation whatever was made as to the method by which it was to be ascertained. There was a further provision in the agreement by which at the option of the surviving partners the share of the deceased partner should be paid his estate or remain as a loan to the surviving partners, concerning which provision there was some controversy entirely inapplicable to the case at bar as there is no similar provision in the agreement in this estate which is remotely parallel to the one in Eisenlohr's Estate.

We repeat, therefore, that we know of no law authorizing the court to grant the prayers of petitioner and we have been shown none. We hold that the agreement as set forth in the petition shows that decedent bound himself to have his interest in the partnership in question ascertained in a certain way and, when so ascertained, to be sold to the surviving partner at that price, and that if it has been sold, as is stated in the petition and admitted in the answer, the sole question that the court could go into would be whether it was sold at a price fixed as designated in the contract by three appraisers and, if so, the said price is "conclusive" and

the estate is bound thereby. Respondents in their answer offer to have the said three appraisers in court upon the audit of the account of the respondents which is now pending, at which time all relevant matters concerning items of the account may be adduced.