## Cowen v. Krasas

*Marvin Levin,* for plaintiff.
*Arsen Kashkashian, Jr.,* for defendants.

HAGAN, J., July 16, 1970.—In this action, plaintiff, Cowen, filed a complaint, claiming to be a partner with defendants, Peter Krasas and Peter Krasas, Jr., in a certain luncheonette business and seeking an accounting of profits and a dissolution of the partnership business. After hearing, we found that a partnership at will existed, but that it had been terminated by an offer by plaintiff and an acceptance by defendants. On appeal, the Supreme Court of Pennsylvania affirmed our finding that a partnership at will existed, but reversed our finding that it had been terminated; and the court remanded the case to us ". . . so that a determination can be made on counsel's request for an accounting and dissolution."

Since the remand of this case by the Supreme Court, we have had several informal meetings with counsel for the parties, in an endeavor to effect an agreement as to the legal procedure to be followed for the purpose of accomplishing a dissolution of the partnership and the rendering of an accounting by defendants to plaintiff, in accordance with the order of the Supreme Court. Our efforts to effect such agreement have not been successful, for the reason that counsel for the respective parties have differing views and opinions as to the meaning and effect of the order of the Supreme Court. It, therefore, becomes necessary that we interpret the order of the Supreme Court and determine the future course of these proceedings.

The initial question to be determined is whether a dissolution has already taken place or whether it will occur only by a decree of this court; and, secondarily, if a dissolution has occurred, when did it take place?

Section 32 of the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §94, specifies situations where dissolution may be effected by decree of court; and section 31 of the act, 59 PS §93, specifies situations where dissolution is effected by acts other than by decree of court; and we must, therefore, determine which section is applicable.

Upon a careful review of section 32 of the act, we find that none of the situations there set forth is applicable to the instant case. We find, and, therefore, hold, that the applicable provision is subsection 1(b) of section 31 of the act, 59 PS §93-1(b), which provides:

"Dissolution is caused:

"(1) Without violation of the agreement between the partners. . .

"(b) By the express will of any partner when no definite term or particular undertaking is specified."

Defendant contends that the will of plaintiff to effect a dissolution was expressed when plaintiff wrote a certain letter on May 24, 1965. It was that letter which we, in our original adjudication, found to be an offer to terminate the partnership; but the Supreme Court, in reversing, held this letter merely to be an invitation to defendants to make an offer of termination, and the court said:

"The only thing that clearly appears from this initial overture is that Cowen was interested in selling his interest in the partnership to the Krasases."

We conclude, therefore, that plaintiff's letter of May 24, 1965, cannot be considered as an expression of his will to effect a dissolution of the partnership.

Such an expression of intention to effect a dissolution, however, clearly appears in plaintiff's complaint, in which he specifically requests a decree that "the partnership be dissolved." We find, therefore, that the dissolution occurred on April 6, 1966, when plaintiff filed a complaint in equity in this case. Plaintiff, therefore, is entitled to an accounting of one-third of the net profits of the partnership from the date of its inception until April 6, 1966.

The procedure for an accounting in equity is set forth in Pa. R. C. P. 1530, which requires that defendant be ordered to render an accounting within a specified period of time. Both parties have agreed, however, that, instead of following the procedure set forth in said rule, an accountant be appointed by the court to state the accounting. Accordingly, we shall give the parties a 10-day period within which to agree upon an accountant to be appointed by the court for this purpose; and, if the parties cannot agree within that period of time, the court will make the appointment.

The next question for consideration is whether a liquidating receiver should be appointed to wind up the business, as requested by plaintiff; or whether, as defendants contend, they should be permitted to continue the operation of the business, as they have from its inception, and be ordered to pay plaintiff the value of his one-third share of the partnership business as of the date of dissolution.

Before considering the legal principles applicable to this question, certain practical aspects of the case should first be considered. If the business is wound up and a liquidating receiver is appointed, both plaintiff and defendants will be harmed. The nature of the business is such that upon a forced liquidation by a liquidating receiver, the net sum which will be realized, after the cost of the liquidation, is bound to be quite

small, which will be detrimental to plaintiff as well as to defendants. Defendant, Peter Krasas, together with his wife, has devoted a good part of his life to the conduct of the business, as distinguished from the other two partners, plaintiff and Peter Krasas, Jr., who have been inactive in the business; and if the partnership is liquidated, Peter Krasas may be deprived of his livelihood, with no commensurate benefit to plaintiff.

The decision as to whether to appoint a receiver is one which rests in the sound discretion of the court. Thus, in Moffett v. Pierce, 344 Pa. 16, which also involved the dissolution of a partnership, the court stated, at page 22:

"Such appointments rest in the sound discretion of the court; and, in exercising such discretion, it proceeds cautiously and is governed by a view of the whole circumstances of the case. No positive or unvarying rule can be laid down as applicable to all cases. If there be no danger to the property and nothing to show the necessity or expediency of appointing a receiver, none should be appointed."

Considering the circumstances of this case, as set forth above, we do not find it necessary or expedient to appoint a liquidating receiver.

Defendants contend that the section of the Uniform Partnership Act applicable to the question of whether the partnership business should be wound up, or whether defendants should be permitted to continue the business and pay plaintiff the value of his interest as of the date of dissolution, is section 42, 59 PS §104. Plaintiff, on the other hand, contends that this section is inapplicable. Section 42 provides that under certain circumstances the withdrawing partner is entitled to ". . . have the value of his interest at the date of dissolution ascertained, and . . . receive as an ordinary creditor an amount equal to the value of his interest

in the dissolved partnership, with interest, or, at his option . . . in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership . . ."

Section 42 of the act also states that it is applicable "When any partner retires or dies, and the business is continued under any of the conditions set forth in Section 41 (1,2,3,5,6) or Section 38(2b), without any settlement of accounts as between him or his estate and the person or partnership continuing the business . . ."

Section 41(6), 59 PS §103(6), which is one of the sections referred to in section 42, is applicable:

"When a partner is expelled, and the remaining partners continue the business, either alone or with others, without liquidation of the partnership affairs . . ."

It is our conclusion that when defendants refused to recognize that plaintiff was a partner, and refused to account to him for any of the partnership profits, or to treat him as a partner, they, in effect, "expelled" him from the partnership, and we hold, therefore, that section 42 of the Uniform Partnership Act applies.

Since, as previously indicated, we shall appoint an accountant to state and report to the court an account of the *net profits* of the partnership business to the date of dissolution, and, since the accountant will, of necessity, have to examine the books and records of the business, we shall direct him to ascertain and report to the court the value of *plaintiff's interest in the partnership business* as of the date of the dissolution.

Under section 42 of the Uniform Partnership Act, after the value of plaintiff's interest in the partnership business as of the date of dissolution has been ascertained, plaintiff has the right to elect whether to accept interest thereon or, in lieu of interest, the profits attributable to the use of his right in the property of the

dissolved partnership. In order, however, that plaintiff may make such an election intelligently, he must know the amount of such profits. Accordingly, we shall order that the accountant to be appointed shall also ascertain and report to the court the amount of the profits attributable to the use of plaintiff's right in the property of the dissolved partnership, from the date of dissolution to the date of his report.

Summarizing, therefore, the accountant to be appointed by the court shall ascertain and report to the court:

(1) Plaintiff's one-third share of the net profits of the partnership business from the date of its inception to the date of dissolution;

(2) The value of plaintiff's interest in the partnership business as of the date of dissolution; and

(3) The profits attributable to the use of plaintiff's right in the property of the partnership from the date of dissolution.

After the accountant shall have filed his report, the parties shall have 30 days within which to file exceptions thereto.

For the following reasons, we hereby enter the following

## DECREE

(1) The partnership at will in which plaintiff and defendants were partners, known as the Gaiety Luncheonette, located at Fifteenth and Moravian Streets, Philadelphia, Pa., was dissolved on April 6, 1966, by the commencement of an action in equity by plaintiff to dissolve the partnership.

(2) The parties shall have 10 days from the date hereof to agree upon an accountant to be appointed by court for the purposes hereinafter set forth. If the parties shall not have agreed within said time, the court shall make the appointment.

(3) The accountant appointed by the court shall ascertain and report to the court:

(a) Plaintiff's one-third share of the net profits of the partnership business from the date of its inception, in the year 1960, to the date of dissolution, April 6, 1966;

(b) The value of plaintiff's interest in the partnership business as of the date of dissolution; and

(c) The profits attributable to the use of plaintiff's right in the property of the partnership from the date of dissolution.

(4) After the accountant shall have made his report to the court, the parties shall have 30 days thereafter within which to file exceptions to the report.

(5) Plaintiff shall have 10 days after the court's decision on exceptions to the accountant's report shall have been rendered or, if no exceptions shall have been filed, he shall have 10 days after the period for filing exceptions shall have expired, to elect whether he shall receive interest on the value of his partnership interest as of April 6, 1966, or, in the alternative, the profits attributable to the use of his right in the property of the dissolved partnership.

(6) Defendants will make available to the accountant all records, documents, cancelled checks, income tax returns, bank statements and such other papers of the partnership business in the possession of defendants as may be required for the preparation of the accounting ordered in paragraph three above.

(7) The fees and expenses of the accountant to be appointed by the court shall be borne by the plaintiff and defendants in the same proportion as their interest in the partnership, to wit, one-third by each party; and each party shall, within five days after the appointment of the accountant deposit with the prothonotary the sum of $500, or a total sum of $1,500, on account of the compensation which may subsequently be awarded to the accountant for his services.